IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TARIF ABDULLAH | : | |
| Petitioner | : | |
| v | : | Civil Action No. WMN-05-1050 |
| WARDEN MICHAEL STOUFFER | : | |
| Respondent | : | |

. . . . . .o0o. . . . . .

**MEMORANDUM**

In his Petition for Writ of Habeas Corpus, Petitioner alleges that he is not being properly credited with diminution of confinement credits in violation of his constitutional rights.[1]  Respondent has filed an answer asserting that there is no federal claim presented by the petition and, in the alternative, Petitioner's claim is without merit.  Paper No. 7.  Upon review of the papers filed, this Court finds that a hearing in this matter is unnecessary.

Petitioner is serving a life sentence as well as consecutive and concurrent terms of incarceration.  Paper No. 7 at Ex. 1.  The sentences were imposed on December 29, 1977 by the Circuit Court for Montgomery County, Maryland, upon Petitioner's conviction for felony murder, armed robbery, use of a handgun in the commission of a felony, and assault and battery.  *Id*.  Because Petitioner is serving a life sentence, his term of incarceration has no maximum expiration date.  Accordingly, the Division of Correction (DOC) has not applied diminution of confinement credits to reduce his term of incarceration.  Respondent asserts that this practice is mandated by Maryland law because inmates

---

[1] Although filed pursuant to 28 U.S.C. § 2254, the petition is properly construed as filed pursuant to 28 U.S.C. § 2241.  Petitioner also suggests that his initial pleading could be construed as a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

serving a life sentence, no portion of which is suspended, are not serving a term of confinement as defined by Md. Corr. Serv. Code Ann. §3-701(2). That provision defines term of confinement as "[t]he period from the first day of the sentence that begins first through the last day of the sentence that ends last." *Id*. Simply put, a life sentence has no fixed ending.

Petitioner has presented this claim to the Circuit Court for Anne Arundel County, seeking declaratory judgment requiring the DOC to apply diminution of confinement credits to his sentence in a manner that would shorten the length of his incarceration. Paper No. 7 at Ex. 4. That court granted summary judgment in favor of the defendants and entered an order declaring that "the provisions of § 3-701 *et seq*. of the Correctional Services Article of the Annotated Code of Maryland allowing an inmate to earn diminution credits to reduce the length of his confinement do not apply to an inmate, such as [Petitioner], who is serving a life sentence." *Id*. at Ex. 5.

Petitioner appealed the decision to the Maryland Court of Special Appeals. In an opinion dated November 4, 2004, the Court of Special Appeals affirmed the lower court's ruling, stating in part that:

> We agree with the State that an inmate serving a life sentence is not serving a 'term of confinement' as that term of art is defined by § 3-701 under Subtitle 7, dealing with diminution credits. In discussing why it is completely appropriate for the legislature to have treated differently 1) inmates serving a measurable term of confinement and 2) inmates serving a life sentence, Judge Alpert, in Witherspoon v. Maryland Parole Commission, 149 Md. App. 101, 106, 814 A. 2d 123 (2002), emphatically stated that inmates serving a life sentence do not enjoy the benefit of using diminution credits to attain early release.

Paper No. 7 at Ex. 6. In an order dated March 14, 2005, the Court of Appeals denied the Petition for Writ of Certiorari. *Id*. at Ex. 8.

In the prison context there are two different types of constitutionally protected liberty interests which may be created by state action. The first is created when there is a state created entitlement to an early release from incarceration. *Board of Pardons v. Allen*, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits). Petitioner asserts that the statutory scheme in Maryland is a state created entitlement which he is not receiving. Paper No. 1. His reliance on *Wolff* in this regard is flawed. The simple fact is that Maryland's statutory scheme creates no entitlement to early release from incarceration for persons, such as Petitioner, who are serving a life sentence.

The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). Lack of opportunity to earn or have applied diminution credits is not an atypical and significant hardship. *See Bulger v. United Sates Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). As a prisoner serving a life sentence, Plaintiff's inability to receive a specific type of benefit from the application of diminution credits, *i.e.*, release from prison under mandatory supervision, does not begin to approach a significant hardship.

To the extent that Petitioner asserts a violation of his right to equal protection, that claim must also fail. The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U. S. 432, 439 (1985) (citation omitted). In cases such as this one where no suspect criterion such as race is involved, the proper inquiry is whether the statute or regulation serves a legitimate state interest, and whether the challenged classification is rationally related to it. *Moss v. Clark*, 886 F. 2d 686, 690 (4th Cir. 1989). There is a

legitimate governmental interest in treating inmates who have committed crimes that warrant the imposition of a life sentence differently from those serving a term of years, to wit: to ensure that life sentences are served completely, with the only exception being in those cases where the Parole Commission is convinced that early discretionary parole is warranted or the Governor commutes the sentence to a term of years.  The denial of a mandatory release for inmates serving a life sentence does not run afoul of the Equal Protection Clause.

To the extent that mandatory supervision is equated with release as if on parole, the Constitution itself does not create a protected liberty interest in the expectation of parole. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest).   "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 118 S. Ct. 559 (1997).

Accordingly, having found no basis for a federal constitutional claim in this case, the complaint shall be dismissed by separate Order.

|  |  |
|---|---|
|    July 26, 2005    |       /s/       |
| Date | William M. Nickerson |
|  | Senior United States District Judge |